IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| NANCY CANO BUSTILLOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Cause No.: EP-23-CV-425-KC |
| § | |
| SHIV KUMAR, PRINCE FREIGHT § | |
| CARRIER, INC., and ALPHA LOGISTICS § | |
| SERVICES, INC., § | |
| § | |
| Defendants, § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW NANCY CANO-BUSTILLOS (hereinafter referred to as "Plaintiff CANO"), complaining of SHIV KUMAR (hereinafter referred to as "Defendant KUMAR"), PRINCE FREIGHT CARRIER, INC. (hereinafter referred to as "Defendant PRINCE FREIGHT"), and ALPHA LOGISTICS SERVICES, INC. previously misnamed ATLAS LOGISTICS SERVICES, INC. (hereinafter referred to as "Defendant ALPHA LOGISTICS"), and for a cause of action would respectfully show the Court as follows:

**I.
PARTIES AND SERVICES**

Plaintiff NANCY CANO-BUSTILLOS is a resident of El Paso County, Texas.

Defendant SHIV KUMAR is an individual residing in Fresno County, California and he has been properly served, has filed an answer, and is duly before this Court.

Defendant PRINCE FREIGHT CARRIER, INC. is a foreign for-profit corporation doing business in the State of Texas and has been properly served, has filed an answer, and is duly before this Court.

Defendant ALPHA LOGISTICS SERVICES, INC, previously misnamed ATLAS LOGISTICS SERVICES, INC., is a foreign for-profit corporation doing business in the State of Texas and has been properly served with Plaintiff's Original Petition. See ECF 6. Nevertheless, Defendant ALPHA LOGISTICS SERVICES, INC. may be served with process of serving its registered agent, PARAMPREET SINGH PANHU, and/or any other authorized officer or agent therein at 2949 Larkin Avenue, Clovis, California 93612-3912, and/or wherever they may be found

## II.
## VENUE AND JURISDICTION

This court has subject matter jurisdiction because diversity jurisdiction exists among the parties. *See* U.S.C. § 1332(a)(2). Venue is proper in this court as substantial events took place in El Paso County, Texas.

## III.
## FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiff NANCY CANOS-BUSTILLOS and made the basis of this action arose out of an occurrence that occurred on or about October 27, 2021, in El Paso County, Texas. At such time and place, Plaintiff NANCY CANOS-BUSTILLOS was the properly restrained operator of a 2021 Nissan Sentra and was traveling westbound on the 2100 block of Antonio Street, a three-laned roadway, and was approaching the intersection of the 2100 block of Antonio Street and 2000 Wildcat Drive in Anthony, Texas. Plaintiff CANO was operating her vehicle in the middle lane of travel and had stopped at the intersection at the mandatory red light and was waiting for the light to change to green.

Defendant SHIV KUMAR, while in the course and scope of his employment with Defendants PRINCE FREIGHT CARRIER, INC. and ALPHA LOGISTICS SERVICES, INC., and was operating a 2014 Peterbilt Tractor with a fully loaded Great Dane Trailer, which was also

*Nancy Cano-Bustillos vs. Shiv Kumar, et. al.,*  
Plaintiff's First Amended Complaint

Page **2** of **8**

owned and entrusted to him by Defendants PRINCE FREIGHT and ALPHA LOGISTICS. Defendant KUMAR was operating Defendants' vehicle and was traveling westbound on the 2100 block of Antonio Street, in the lane directly to Plaintiff's left. Defendant KUMAR was at a complete stop at the intersection and attempted to execute a wide left-hand turn onto the 2000 block of Wildcat Drive, when suddenly and without warning, the rear of his trailer struck Plaintiff's vehicle on the driver's side. Said collision caused severe physical injuries and damages to Plaintiff NANCY CANO-BUSTILLOS.

### IV.
### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT SHIV KUMAR

Defendant SHIV KUMAR owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's injuries and damages were proximately caused by the negligence of Defendant KUMAR arising from one or more of the following acts or omissions on the part of Defendant KUMAR:

1. Making an unsafe lane change in violation of Texas Transportation Code §545.060;
2. Failure to keep an adequate and safe distance between his vehicle and Plaintiff's vehicle;
3. Failure to keep a proper lookout;
4. Failure to take proper evasive action to avoid the collision complained of;
5. Failure to turn the motor vehicle in an effort to avoid the collision complained of;
6. Failure to honk and give adequate warning of the impending danger;
7. Failure to use due care in operating a motor vehicle; and
8. Other negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions were a proximate cause of Plaintiff's damages.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS PRINCE FREIGHT AND ALPHA LOGISTICS

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendants PRINCE FREIGHT and ALPHA LOGISTICS. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following acts or omissions on the part of Defendants:

1. That on or about October 27, 2021, Defendants were negligent per se by entrusting the control and operation of their vehicle, which was under their ownership and control, to Defendant KUMAR.
2. Defendants were negligent by allowing Defendant KUMAR to operate the vehicle on the public streets of El Paso County, Texas, and at the particular location referred to above, when they knew or shoulder have known that Defendant KUMAR was unfit, incompetent, reckless, or unskilled to operate the vehicle.
3. Defendant KUMAR was negligent on the occasion in question.
4. Defendant KUMAR's negligence caused the Plaintiff's injuries and damages.

## VI.
## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANTS PRINCE FREIGHT AND ALPHA LOGISTICS

Alternatively, and without waiving the foregoing, at the time of the occurrence of the act in question and immediately prior thereto, Defendant SHIV KUMAR was within the course and scope of his employment for Defendants PRINCE FREIGHT and ALPHA LOGISTICS.

At the time of the occurrence of the act in question and immediately prior thereto, Defendants were engaged in the furtherance of Defendants' businesses.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant KUMAR was engaged in accomplishing a task for which Defendant KUMAR was employed.

Plaintiff invokes the doctrine of Respondeat Superior as against Defendants.

## VII.
## PLAINTIFF'S CLAIMS OF VICARIOUS LIABILITY AGAINST DEFENDANTS PRINCE FREIGHT AND ALPHA LOGISTICS

Alternatively, and without waiving the foregoing, at the time of the occurrence of the act in question and immediately prior thereto, Defendant SHIV KUMAR was within the course and scope of his employment for Defendants PRINCE FREIGHT and ALPHA LOGISTICS.

Plaintiff would show that Defendants are liable for the damages and injuries which were caused by the negligence of their employees, agents, and/or representatives, more specifically, Defendant KUMAR. Defendants are liable for the acts and/or omissions of their employees, agents, and/or representatives. In addition, Defendants owed a duty of care to Plaintiff because of Defendant's right of control, which arose through the course of dealing. Defendants are liable under the *respondeat superior;* master/servant, principal/agent.

## VIII.
## PLAINTIFF'S CLAIMS OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANTS PRINCE FREIGHT AND ALPHA LOGISTICS

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendants PRINCE FREIGHT and ALPHA LOGISTICS had a duty to hire competent agents and employees. Defendants failed to hire competent drivers to operate their vehicle on the date in question.

Defendants also had a duty to train and supervise their employees. Defendants breached their duty to the public and Plaintiff by failing to properly train and supervise their employees and agents, which proximately caused Plaintiff's injuries and damages.

Defendants with reckless disregard and gross negligence as to the rights of the public including the Plaintiff, in failing to adequately train and supervise their employees. Plaintiff seeks punitive/exemplary damages. Defendants' actions and omissions in negligently hiring, training, and supervising their driver that Defendants knew or should have known was reckless in his

reckless in his driving abilities and that they involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including that of Plaintiff.

## IX.
## EXEMPLARY DAMAGES

Defendants' acts or omissions described above, when viewed from the standpoint of Defendants, at the time of the acts or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless, proceed with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

## X.
## PLAINTIFF'S DAMAGES

As a direct result of the occurrence, Plaintiff suffered bodily injurie. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services, and attention, and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered extreme pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered disfigurement.

Additionally, Plaintiff NANCY CANO-BUSTILLOS has suffered from a loss of wages and a loss of earning capacity. Plaintiff has suffered damages within the jurisdictional limits of this Court and requests monetary relief of over $1,000,000.00.

## XI.
## RELIEF REQUESTED

Pursuant to Tex. R. Civ. P. 47(c), Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun, and the extent of Plaintiff's future damages is still being determined. At the early stage of the proceedings, Plaintiff requests that the jury be fair and reasonable in its determination of actual and exemplary damages in the amount of over $1,000,000.00.

## XII.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury on the issues in this case.

## XIII.

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in responses to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

## XIV.
## CONCLUSION AND PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment, and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600- Voice
(915) 581-4605- Fax
Daniela@labinotilaw.com

*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
Texas State Bar No. 24050900

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants.

*/s/ DANIELA LABINOTI*
**DANIELA LABINOTI**